UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K.S. | CASE NO. C26-1345JLR |
| Petitioner, | ORDER |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

Before the court is Petitioner K.S.'s *ex parte* motion to proceed under pseudonym. (Mot. (Dkt. # 7).)  The court has reviewed the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Petitioner's motion without prejudice to Respondents opposing anonymity later in these proceedings.

Petitioner is a citizen of Zimbabwe currently in the custody of the United States and detained at the Northwest ICE Processing Center in Tacoma, Washington.  (Pet. (Dkt. # 5) at 11, 14.)  In this 28 U.S.C. § 2241 habeas action, Petitioner asks the court to order Respondents to grant him a constitutionally adequate bond hearing.  (*Id*. at 22.)

ORDER - 1

Petitioner entered the United States as a derivative asylee at Chicago, Illinois, on August 7, 2006, after his I-730 application was approved. (*Id*. at 11.) In his motion, he seeks the court's leave to proceed in this case under pseudonym "to protect his identity and his family from risk of harassment and retaliation." (Mot. at 2.) He contends that he fears retaliation from the government of Zimbabwe if his name is disclosed. (*Id*. at 3.)

Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff or petitioner must name all of the parties in the title of the complaint. *See* Fed. R. Civ. P. 10(a). A party is permitted to use pseudonyms in a civil action, however, if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The court should "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. (internal citations omitted). The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, whether the proceedings may be structured so as to mitigate that prejudice, and whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id*. (citations omitted).

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing *Does I thru XXIII*, 214 F.3d at 1063, 1065, 1071 (considering possible retaliation by the

ORDER - 2

Chinese government against Chinese national Petitioners residing in Saipan and their family members as supporting the use of pseudonyms)).  Courts in this District have regularly granted Petitioners leave to file pseudonymously in immigration habeas actions. *See, e.g.*, *E-D-S-O v. Julio Hernandez, et al.*, No. C26-00785RAJ, 2026 WL 1067036, at *2 (W.D. Wash. Apr. 20, 2026) (granting a motion to proceed pseudonymously in a § 2241 habeas action where petitioner feared that his relatives in Venezuela would be targeted for persecution if members of the Venezuelan government learned that he was seeking asylum in the United States); *N.I. v. Hermosillo*, No. C26-00592BAT, 2026 WL 770038, at *5 (W.D. Wash. Mar. 18, 2026) (granting petitioner's motion to proceed pseudonymously in a § 2241 habeas action where he feared that disclosure of his identity could expose him to the risk of injury or death); *Z.A. v. Hermosillo*, No. C26-144RSM, 2026 WL 538455, at *3 (W.D. Wash. Feb. 26, 2026) (granting petitioner's motion to proceed pseudonymously in a § 2241 habeas action where petitioner sought asylum in the United States a and feared persecution by his home country's government).

Furthermore, Defendants will not be prejudiced if the court permits Petitioner to proceed anonymously because they know Petitioner's true identity by virtue of his asylum application.  *See N.I.*, 2026 WL 770038, at *5 (finding no prejudice would result from the use of pseudonyms because Respondents knew the petitioner's identity).

The court has reviewed the record and considered the severity of potential harm, the reasonableness of Petitioner's fears, Petitioner's vulnerability to retaliation, the potential prejudice to Respondents, and the public interest.  The court concludes that Petitioner's need for anonymity outweighs countervailing considerations at this early

ORDER - 3

stage of the proceedings. Accordingly, the court grants Petitioner's motion to proceed under pseudonym (Dkt. # 7). The Clerk is DIRECTED to update the docket to reflect that Petitioner is proceeding under the pseudonym "K.S." The court will revisit whether Petitioner may continue to proceed under pseudonym if, at a later stage of the proceedings, Respondents so move. *See Does I thru XXIII*, 214 F.3d at 1069 (recognizing "that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses").

Dated this 29th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4