UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K.S., | CASE NO. C26-1345JLR |
| Petitioner, | ORDER |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

Before the court is Petitioner K.S.'s motion to appoint counsel in this 28 U.S.C. § 2241 habeas action.  (Mot. (Dkt. # 9); *see also* Pet. (Dkt. # 5).)  Petitioner is proceeding *pro se* and *in forma pauperis* ("IFP").  (*See* 4/28/26 Order (Dkt. # 4) (granting IFP status).)  While there is no constitutional right to appointment of counsel in actions brought under § 2241, the court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require[.]"  18 U.S.C. § 3006A(a)(2)(B); *see also Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) (providing that litigants generally have "no constitutional right to

ORDER - 1

counsel in a civil case").  Furthermore, when a litigant proceeds IFP in a habeas

proceeding, the court must consider whether there are "exceptional circumstances"

warranting appointment of counsel by considering (1) the likelihood of success on the

merits, (2) the plaintiff's ability to articulate his or her claims, and (3) the complexity of

the issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing 28

U.S.C. § 1915(e)(1)); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court has reviewed Petitioner's petition and determined that appointment of

counsel is not warranted in this action.  The first factor weighs against appointing counsel

because Petitioner's likelihood of success appears to be low.  In his petition, Petitioner

seeks "a constitutionally adequate [bond] hearing before the district court."  (Pet. at 22.)

This court, however, lacks jurisdiction to provide the requested relief.  8 U.S.C. § 1126(e)

("No court may set aside any action or decision by the Attorney General under this

section regarding the detention of any [noncitizen] or the revocation or denial of bond or

parole.").  Rather, federal district courts have only limited authority to review

constitutional claims or legal errors related to the provision of bond hearings for

noncitizens.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although

the [immigration judge's] discretionary bond determination was not reviewable in federal

court . . ., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of

law in [a noncitizen's] agency proceedings, including any claimed due process

violation.").  Petitioner expresses that he is not seeking an individualized bond hearing

before an immigration judge or, as to his prior unsuccessful bond hearing before an

immigration judge, the court's review of constitutional claims or specific legal errors.

ORDER - 2

(*See* Pet. at 20-22 (arguing in part that "[s]ending this case to the Tacoma Immigration court for a bond hearing would be a futile gesture").)  Thus, the court concludes that Petitioner's likelihood of success in this action appears to be low.

The second factor also weighs against appointing counsel because, although Petitioner represents that he does not have access to the internet and "attained his education in Shona language and is unable to litigate his claims in English[,]" the court determines that he was able to clearly articulate his claims both in his petition and in the instant motion.  (Mot. at 25.)

Finally, the third factor weighs in favor of appointing counsel because the court agrees with Petitioner that implicated in his case are "complex legal issues" grounded in "constitutional law, statutory interpretation, administrative procedure, habeas law and immigration law."  (*Id*.)

The court concludes that the balance of the applicable factors weighs against appointing counsel.  Therefore, the court exercises its discretion and DENIES Petitioner's motion (Dkt. # 9).

Dated this 29th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 3