UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K.S., | CASE NO. C26-1345JLR |
| Petitioner, | ORDER |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

## I.   INTRODUCTION

Before the court is Petitioner K.S.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 5); Traverse (Dkt. # 19).)  The Government[1] opposes the petition.  (Return (Dkt. # 14).)  The court has considered the petition, the parties'

---

[1] The Federal Respondents are Attorney General of the United States Todd Blanche; Department of Homeland Security Secretary Markwayne Mullin; and Department of Homeland Security Enforcement Removal Seattle Director Camilla Wamsley (together, the "Government").

ORDER - 1

submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES the petition.

## II.    BACKGROUND

Petitioner is a citizen of Zimbabwe currently in the custody of the United States and detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington.  (Pet. at 11, 14.)  Petitioner entered the United States as a derivative asylee at Chicago, Illinois, on August 7, 2006, after his I-730 application was approved.  (*Id*. at 11.)  Petitioner's criminal history includes the following: (1) on May 4, 2011, Petitioner pleaded guilty to sexual battery of a 15 year-old in the Hendricks County Superior Court in Danville, Indiana; (2) on September 23, 2014, Petitioner was convicted in Marion County, Indiana, of operating a vehicle while intoxicated; (3) on August 29, 2022, Petitioner was convicted of one count of making a false claim of United States citizenship and one count of conspiracy to possess identity documents with intent to defraud in the United States District Court, Southern District of Indiana.  (Baz Decl. (Dkt. # 15) ¶¶ 5, 7, 8; *see also* Pet. at 11-12.)  On February 17, 2023, ICE placed Petitioner in federal custody and served him with a Notice to Appear.  (Baz Decl. ¶¶ 9-10; *see also* Morris Decl. (Dkt. # 16) ¶ 2, Ex. 1 (Notice to Appear).)

On May 30, 2023, Petitioner filed applications for relief with the Elizabeth, New Jersey, Immigration Court, along with an application to adjust status and an application for a waiver of inadmissibility grounds.  (Baz Decl. ¶ 11.)  On August 10, 2023, an Immigration Judge ("IJ") held an individual calendar hearing on Petitioner's applications

ORDER - 2

for relief; denied all applications; and ordered Petitioner removed to Zimbabwe.  (*Id*. ¶ 12; *see also* Morris Decl. ¶ 2, Ex. 3 (IJ Order).)  Petitioner timely appealed the IJ's order to the Board of Immigration Appeals ("BIA").  (Baz Decl. ¶ 12.)  On May 31, 2024, the BIA dismissed Petitioner's appeal in part and remanded in part to the IJ for further proceedings.  (*Id*. ¶ 13.)  On August 27, 2024, the IJ held the hearing on remand; denied Petitioner's application for adjustment of status; terminated his asylee status; and ordered him removed to Zimbabwe.  (*Id*. ¶ 14.)  Petitioner filed an appeal with the BIA.  (*Id*.)  On February 4, 2025, the Government transferred Petitioner to the NWIPC.  (*Id*. ¶ 15.)

On February 14, 2025, the United States District Court for the Middle District of Pennsylvania ordered that Petitioner receive a bond hearing in Immigration Court.  (*Id*. ¶ 16.)  On February 28, 2025, the Tacoma, Washington, Immigration Court concluded that Petitioner was a danger to the community and a flight risk and denied bond.  (*Id*. ¶ 17.)  On March 14, 2025, the IJ issued a written decision explaining her bond decision.  (*Id*. ¶ 18.)  On April 28, 2025, the BIA dismissed Petitioner's appeal of his final order of removal.  (*Id*. ¶ 19.)  On June 6, 2025, the BIA dismissed Petitioner's appeal of the IJ's bond decision.  (*Id*. ¶ 21.)  Between June 8, 2025, and June 30, 2025, the Government housed Petitioner temporarily at the Anchorage, Alaska, jail due to overflow issues at the NWIPC.  (*Id*. ¶ 22.)  On July 11, 2025, the Third Circuit Court of Appeals granted Petitioner a stay of removal.  (*Id*. ¶ 23.)

While detained, Petitioner sought medical treatment for a torn lateral meniscus.  (Pet. at 18; Traverse at 11.)  Petitioner asserts that an orthopedic surgeon diagnosed him in June 2023, and a nurse practitioner informed him of referral for surgery and for

ORDER - 3

physical therapy on January 31, 2026.  (Pet. at 18.)  He represents that he "hasn't heard from the medical providers since [January 2026], despite numerous requests[]."  (*Id.*)

On April 28, 2026, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241 seeking a second bond hearing in District Court and asserting that the conditions of confinement related to his knee injury violate the Fifth Amendment.  (*See generally* Pet.)  The petition is now fully briefed and ripe for the court's consideration.

### III.    ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner argues that his continued detention violates the Fifth Amendment's Due Process Clause and that *Mathews v. Eldridge* requires this court to order a second bond hearing held in District Court.  (Pet. at 16-20 (citing 424 U.S. 319, 33 (1976)).)  In response, the Government contends that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c) and thus subject to mandatory detention pending removal proceedings.  (*See generally* Return.)  The court agrees with the Government for the reasons set forth below.

**A.    Petitioner is Lawfully Detained Pursuant to Section 1226(c).**

Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)."  *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original).  Under Section 1226(c), the "Attorney General shall take into custody any [noncitizen] who falls into one of several enumerated categories involving criminal

offenses and terrorist activities." *Id*. (citing 8 U.S.C. § 1226(c)(1)) (internal quotation marks omitted).  Under Section 1226(c), those who have committed certain offenses are subject to mandatory detention.  *See* 8 U.S.C. § 1226(c).  For example, Section 1226(c) requires detention of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" specified criminal offenses.  *See id*. § 1226(c)(1)(E); § 1182(a)(6)(A)(i).

The Government asserts that Petitioner is subject to mandatory detention pending removal proceedings because he is charged as removable under 8 U.S.C. § 1227(a)(2)(A)(i) (crimes of moral turpitude), (A)(ii) (multiple criminal convictions), and (3)(D) (falsely claiming United States citizenship).  (Return at 8.)  Petitioner does not contest the Government's assertion.  (*See generally* Pet.; Traverse.)  Indeed, Petitioner acknowledges that he pleaded guilty to a crime of moral turpitude, has multiple criminal convictions, and falsely claimed United States citizenship.  (Pet. at 11-12; Traverse at 2-3.)  Because U.S. immigration law authorizes the Government to detain certain noncitizens already in the country pending the outcome of removal proceedings under Section 1226(c), *Jennings*, 583 U.S. at 281, the court concludes that the Government is permitted to detain Petitioner.

**B.    The Court Lacks Jurisdiction to Provide the Requested Relief.**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377

(1994) (citations omitted).  In the immigration context, "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole."  8 U.S.C. § 1126(e). Rather, federal district courts have only limited authority to review constitutional claims or legal errors related to the provision of bond hearings for noncitizens.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court . . . we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation.") (citation omitted).

Accordingly, the court also denies Petitioner's request for "a constitutionally adequate [bond] hearing to be held in the District Court where the Government has to justify continued detention[.]"  (Pet. at 22.)  This court lacks jurisdiction to provide the requested relief.  8 U.S.C. § 1126(e).  Petitioner expresses that he is not seeking an individualized bond hearing before an immigration judge or, as to his prior unsuccessful bond hearing before an immigration judge, the court's review of constitutional claims or specific legal errors.  (*See* Pet. at 20-22 (arguing in part that "[s]ending this case to the Tacoma Immigration court for a bond hearing would be a futile gesture").)  Thus, the court lacks jurisdiction to provide the requested relief.

**C.    Petitioner's Conditions of Confinement Claim is Not Cognizable in a Habeas Petition.**

Finally, Petitioner asserts that the Government's alleged delays providing medical treatment for his torn lateral meniscus constitutes a violation of the Fifth Amendment's

ORDER - 6

guarantee of due process.  (Pet. at 18; Traverse at 11.)  Petitioner's conditions of confinement claim, however, is not cognizable in a habeas petition.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement" should be presented in a separate civil rights action.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of…confinement.'").  Accordingly, the court does not address this claim further.

Because Petitioner has not shown by preponderance of the evidence that he is in custody in violation of the Constitution or laws or treaties of the United States, the court declines to grant the petition.

## IV.   CONCLUSION

Accordingly, the court DENIES Petitioner's petition and request for habeas relief (Dkt. # 5) without prejudice to Petitioner refiling a future petition as circumstances warrant.

Dated this l7th day of June, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 7